ACOSTA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Purchase and Sale with a Curable Defect.

No. 405.—Decided March 21, 1919.

CONJUGAL PARTNERSHIP—SEPARATE PROPERTY—PRESUMPTION.—When the husband or wife seeks to have real property recorded as the separate property of either, strict application must be made of Section 1322 of the Civil Code which provides that any property acquired during marriage is presumed to be partnership property until it is proved to be the separate property of the husband or wife. The mere statement made by both spouses in a public deed is not sufficient to prove that a certain property is the separate property of either.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed before Notary Andrés Mena Latorre in Caguas on January 31, 1919, Etervina Fragoso, widow of Lisardi, sold to María Susana Delgado and her husband, Pacífico Acosta, a frame house with a zinc roof on Campio Alonso Street, Caguas, for the sum of $725. The spouses Acosta-Delgado stated in the deed for the purposes of the record in the registry of property that the house purchased was the separate property of the wife, María Susana Delgado, because the purchase price was the proceeds of the sale of a half interest in a house which she inherited from her deceased mother and from half of the rents of another house given her by her parents, José Monserrate Delgado and Patricia López.

The deed having been presented for record in the Registry of Property of Caguas, the registrar recorded it on February 7, 1919, with the curable defect that it was not proved that the money invested by María Susana Delgado in the purchase of the house belonged exclusively to her.

That decision was appealed from as to the curable defect assigned and is now before us for consideration.

The decision appealed from conforms to the law.

Section 1322 of the Civil Code provides that "all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." Hence, when the husband or the wife seeks to record real property as the separate property of either, that statute is strictly applicable. *Igartúa* v. *Registrar of Property,* 21 P. R. R. 43, and *Batista* v. *Registrar of Property,* 21 P. R. R. 78.

The proof required by the code is more than the joint statement of the spouses that the property belongs exclusively to one or the other. *Feliú et al.* v. *Registrar of Property,* 16 P. R. R. 28. And if affidavits are not admissible to prove the private character of such property (*Brac* v. *Registrar of San Juan,* 23 P. R. R. 696), *a fortiori* statements or

declarations in a deed can not be considered sufficient for that purpose.

In the present case the money invested in the purchase of the house is said to have proceeded from the sale of the half of a house belonging to the wife and from the rents of another house which she had acquired by gift, and the origin of the money could easily be proved because the property referred to is subject to record in the registry.

That part of the registrar's decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.